Philip L. Blum
philip.blum@bingham.com
**Bingham McCutchen LLP**
399 Park Avenue
New York, NY 10022
Telephone:  212.705.7000
Facsimile:  212.752.5378

Of Counsel
Robert Bertin
r.bertin@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
**Bingham McCutchen LLP**
2020 K Street, NW
Washington, DC  20006-1806
Telephone:  202.373.6000
Facsimile:   202.373.6001
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RATES TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> RCN CORPORATION <br><br> Defendant. | Civ. No. 09-CV-4445 (LTS) <br><br> Filed Electronically |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RCN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant RCN Corporation ("RCN") respectfully moves this Court to dismiss all claims asserted in the Complaint filed against RCN by Plaintiff Rates Technology Inc. ("Rates").  The Court should

dismiss this action because Rates' Complaint is devoid of material factual allegations and, consequently, fails to state a claim upon which relief can be granted.

## BACKGROUND

Rates filed its Complaint on May 7, 2009.  According to its Complaint, Rates is a Delaware corporation that owns two U.S. Patents -- No. 5,425,085 ("the '085 patent") and No. 5,519,769 ("the '769 patent") (collectively, "the patents in suit").  (Compl. ¶¶ 11, 12, 19, 20.)  Rates alleges that the '085 patent is "for inventions relating to routing of telephone calls," (Compl. ¶ 11) and that the '769 patent is "for inventions relating to a method and system for updating a database in a telephone call routing system."  (Compl. ¶ 19).  Over the last 10 years, Plaintiff has asserted these same patents in at least 25 different lawsuits.

The Complaint alleges that RCN committed acts of infringement in contravention of 35 U.S.C. § 271 through the "building and operation of broadband communications systems delivering digital and high definition video, high speed internet and premium voice services to residential and business customers" and "the offering for sale and/or sale of services using said systems."  (Compl. ¶ 13.)  Plaintiff seeks nearly one billion dollars in damages for the alleged infringement.  (Compl. at 7.).

Rates makes no allegation regarding the scope of any claim in the patents in suit or regarding how RCN's products allegedly infringe any of those claims.  Indeed, Rates has not even identified any specific RCN product or service that allegedly infringes any claim of the patents in suit.  Instead, Rates states only that it purportedly has a "reasonable basis" for making these infringement allegations against RCN and that it "believes" that its claims are "likely to have evidentiary support after a reasonable opportunity for further investigation and discovery."  (Compl. ¶¶ 13, 14, 15, 16, 21, 22, 23, 24.)  However, Rates provides no discernible basis for these representations and conjectures.

**ARGUMENT**

**I.    LEGAL STANDARD FOR MOTION TO DISMISS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 S. Ct. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 S. Ct. at 555, 557).

> The Supreme Court elaborated upon *Twombly's* plausibility standard in *Ashcroft*:
>
> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

129 S. Ct. at 1949 (internal citations and quotations omitted).[1]

**II.   RATES' COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6).**

Rates' Complaint is deficient under Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. Rule 8(a)(2) requires that Rates include in its Complaint facts that would allow the Court to "draw the reasonable inference that" RCN infringed the patents in suit. *Ashcroft*, 129 S. Ct. at 1949. Rates' Complaint alleges only that RCN is infringing the '085 and '079 patents by building and operating broadband communications systems that deliver video, internet and voice services to customers and offering for sale services that use said

---

[1] In *Colida v. Nokia, Inc.*, Magistrate Judge Pitman recommended that the court grant Nokia's motion to dismiss because the *pro se* plaintiff had "woefully fail[ed] to allege facts sufficient to render his claims" plausible. No. 07 Civ. 8056, 2008 WL 4517188, at *10 (S.D.N.Y. May 6, 2008), *adopted as modified by*, 2008 WL 4449419 (S.D.N.Y. September 29, 2008). In addition to recommending dismissal of plaintiff's complaint, Judge Pitman noted plaintiff's history of vexatious litigation and recommended an anti-filing injunction. *Id.* at *15.

communications systems. (Compl. ¶¶ 13, 14, 16, 21, 22, 24.) Rates' Complaint offers no facts in support of these conclusory allegations, and fails even to identify the specific RCN product or service that allegedly infringes the patents in suit. *See Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007) ("Although pleading standards under Fed. R. Civ. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense. In the context of alleged patent infringement, this means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent.").

By failing to provide any details of its claims and referring to the allegedly infringing activity only in broad terms, unrelated to the patents in suit, such as "building and operati[ng] [RCN's] broadband communications systems", Rates has not "nudged [its] claims across the line from conceivable to plausible" by setting forth a basis for how RCN is allegedly infringing the patents in suit. *Twombly*, 550 U.S. at 570. While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

Moreover, Rates readily admits to its inability to allege facts supporting its infringement claims, stating repeatedly that it anticipates having factual support for its infringement claims only after further investigation or discovery. (Compl. ¶ 13, 14, 15, 16, 21, 22, 23, 24.) Rates' allegation that it is "likely to have evidentiary support [for its claims against RCN] after reasonable opportunity for further investigation or discovery" is insufficient to state a claim for infringement. *In re Papst Licensing GMBH & Co. KG Litigation*, 585 F. Supp. 2d 32, 35 (D.D.C. 2008).

In *Papst*, Papst Licensing brought a patent infringement suit against Sanyo North America Corp. and Sanyo Electric Co. Ltd.. *Id.* at 33. In Papst's "bare bones complaint," Papst alleged that "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in suit." *Id.* at 33. Defendants moved to dismiss the complaint, and the court granted defendants' motion. *Id.* at 35. The Court ruled:

> The allegation that '[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support' that Sanyo has infringed and is infringing the Patents in Suit does not state a claim for infringement. The Complaint merely speculates that Sanyo might have infringed or be infringing and notifies Sanyo and the Court that Papst intends to investigate whether Papst has an infringement claim against Sanyo. Thus, the Complaint fails to state a claim as required by Rule 8 -- it does not contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' sufficient 'to give a defendant fair notice' of the claims. The Complaint must be dismissed for failure to state a claim.

*Id.* at 35.

Here, as in *Papst*, Rates has failed to state a claim for infringement. Rates' Complaint only speculates that RCN might have infringed and notifies the Court that Rates intends to investigate through post-filing discovery whether Rates has a viable infringement claim against RCN. Rates is putting the cart before the horse. Rates had a duty under Federal Rule of Civil Procedure 11 to conduct an adequate pre-filing investigation of the devices it accuses of infringement. *See Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997). Because it has alleged damages of nearly one billion dollars and has repeatedly asserted the patents in suit previously, Rates, if it had conducted a pre-filing investigation and concluded it had a basis for the lawsuit, surely would have pled its infringement allegations with at least a modicum of specificity. RCN

should not be forced to incur the costs of undertaking a defense absent "a basis, well-grounded in fact, for bringing this suit." *Id.*

## CONCLUSION

For the reasons stated above, Rates' Complaint should be dismissed.

Dated: July 15, 2009  
New York, New York

BINGHAM McCUTCHEN LLP

By: s/ Philip L. Blum  
    Philip L. Blum  
    philip.blum@bingham.com  
    399 Park Avenue  
    New York, New York 10022  
    Tel: (212) 705-7000

    Of Counsel  
    Robert Bertin  
    r.bertin@bingham.com  
    Warren Anthony Fitch  
    tony.fitch@bingham.com  
    2020 K Street NW  
    Washington, DC 20006-1806  
    Tel: (202) 373-6000

    *Attorneys for Defendant*  
    *RCN CORPORATION*